# EXHIBIT A

FILED

11 MAY 18 PH 12: 31

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1  Lionel Z. Glancy (#134180)
   Michael Goldberg (#188669)
2  Louis Boyarsky (#263379)
   **GLANCY BINKOW GOLDBERG LLP**
3  1801 Avenue of the Stars, Suite 311
   Los Angeles, California 90067
4  Telephone: (310) 201-9150
   Facsimile: (310) 201-9160
5  info@glancylaw.com

6  Attorneys for Plaintiff

7              **SUPERIOR COURT OF CALIFORNIA**

8                 **COUNTY OF SAN DIEGO**

9
   SEAN DYER, Individually and On Behalf of All    Case No.        37-2011-00054524-CU-SL-NC
10 Others Similarly Situated,

11                         Plaintiff,              CLASS ACTION

12         v.
                                                   **CLASS ACTION COMPLAINT**
13 DEI HOLDINGS, INC., JAMES E. MINARIK,
   JON E. ELIAS, TROY D. TEMPLETON,                **JURY TRIAL DEMANDED**
14 ANDREW D. ROBERTSON, AND ADAM L.
   GRAY
15
                           Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

                        CLASS ACTION COMPLAINT

Plaintiff, Sean Dyer, individually and on behalf of all others similarly situated, by his attorneys, including their review of various publicly filed statements by defendants, filings by defendants, analyst reports, and news articles, alleges the following on information and belief, except as to allegations specifically pertaining to plaintiff and his counsel, which are alleged on personal knowledge.

## SUMMARY OF COMPLAINT

1.      This is a shareholder class action brought by Plaintiff on behalf of shareholders of DEI Holdings, Inc. ("DEI" or the "Company") stock against DEI and its Board of Directors (the "Board"); and (collectively "Defendants"), arising out of their breaches of fiduciary duty and/or aiding and abetting such breaches of fiduciary duty in connection with the proposed sale of the Company to Charlesbank Capital Partners ("Charlesbank") where DEI shareholders will receive approximately $3.79-$3.81 per share ("Merger Price") in cash. In reality, however, if the deal is consummated under the present terms DEI shareholders will be receiving no premium for their shares and Charlesbank will be purchasing the company at a discount given that DEI's shares have traded significantly higher than the current offer price over the past year. The Merger Price is the result of a flawed process stemming from the Board's failure to maximize shareholder value and deprives DEI public shareholders of the ability to participate in the Company's favorable long-term prospects.

2.      The officers and directors of DEI have decided to pursue their own interests, instead of maximizing value for all DEI shareholders.    For example, President and Chief Executive Officers James E. Minarik has secured a prestigious position in the post-merger company.

3.      Additionally Defendants have entered into numerous agreements to deter additional offers for the Company.  DEI has secured voting agreements with one of the Company's largest shareholders, Trivest Partners which owns 36% of the Company, that are at odds with the interests of the rest of the Company's public shareholders.  These voting agreements virtually ensure that the Proposed Transaction will consummate without judicial

intervention.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Defendants because they conduct business in California, including, but not limited to, the conduct here at issue, the attempted buyout of DEI, which is headquartered in Vista, California, or because they have sufficient minimum contacts with California to render the exercise of jurisdiction by the California courts permissible under traditional notions of fair play and substantial justice. This action is not removable.

5.      Venue is proper in this Court because the conduct at issue took place and has effect in this County. DEI's headquarters and principal place of business is in this County at One Viper Way Vista, CA 92081-7853.

## PARTIES

6.      Plaintiff has been the owner of 40,000 shares of DEI stock since prior to the announcement of the Proposed Transaction.

7.      DEI, a Florida corporation, is one of the largest designers and marketers in North America of premium home theater loudspeakers, consumer branded vehicle security, and remote start systems. DEI is also one of the largest suppliers of aftermarket satellite radio receivers. The Company is headquartered in Vista California.

8.      Charlesbank Capital Partners is a Boston-based middle market private equity firm with more than $2 Billion in invested assets.

9.      Defendant James E. Minarik ("Minarik"), is, and at all relevant times has been, a member of the Board.

10.     Defendant Jon E. Elias ("Elias"), is, and at all relevant times has been, a member of the Board.

11.     Defendant Troy D. Templeton ("Templeton"), is, and at all relevant times has been, a member of the Board.

12.     Defendant Victor J. Orler ("Orler"), is, and at all relevant times has been, a member of the Board.

13.     Defendant Adam L. Gray ("Gray"), is, and at all relevant times has been, a member of the Board.

14.     Defendant Andrew D. Robertson ("Robertson"), is, and at all relevant times has been, a member of the Board.

15.     Defendants in ¶¶7-12 are referred to herein as the "Individual Defendants."

16.     The Individual Defendants, as officers and/or directors, owed DEI and its shareholders fiduciary obligations of good faith, loyalty, and candor, and were required to use their utmost ability to control and manage DEI in a fair, just, honest, and equitable manner.

17.     By virtue of their fiduciary positions, the Individual Defendants were, and are, required inter alia, to (a) act in furtherance of the best interests of DEI's shareholders; (b) maximize shareholder value in a sale of the Company; (c) heed the expressed views of its shareholders; and (d) refrain from abusing their positions of control.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action as a class action, pursuant to California Code of Civil Procedure Section 382 on behalf of all shareholders of the Company (except the Defendants herein and any person, firm, trust, corporation, or other entity related to, or affiliated with, any of the Defendants) and their successors in interest, who are or will be threatened with injury arising from Defendants' actions as more fully described herein (the "Class").

19.     This action is properly maintainable as a class action.

20.     The Class is so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes that the common stock of the Company is owned by hundreds, if not thousands, of holders other than defendants.

21.     There are questions of law and fact which are common to the Class including, inter alia, the following:  (a) whether the Individual Defendants have breached their fiduciary and other common law duties owed by them to plaintiff and the other members of the Class; (b) whether the Individual Defendants are pursuing a scheme and course of business in order to

1  enrich certain of the Individual Defendants and Charlesbank and its shareholders at the expense

2  and to the detriment of plaintiff and the other public stockholders who are members of the Class

3  in violation of the Board's fiduciary duties; and (c) whether the Class is entitled to injunctive

4  relief and/or damages as a result of the Individual Defendants' and Charlesbank's wrongful

5  conduct.

6      22.     Plaintiff is committed to prosecuting this action and has retained competent

7  counsel experienced in litigation of this nature. The claims of Plaintiff are typical of the claims

8  of other members of the Class and Plaintiff has the same interests as the other members of the

9  Class. Plaintiff will fairly and adequately represent the Class.

10     23.     Defendants have acted in a manner which affect Plaintiff and all members of the

11 Class alike, thereby making appropriate injunctive relief and/or corresponding declaratory relief

12 with respect to the Class as a whole.

13     24.     The prosecution of separate actions by individual members of the Class would

14 create a risk of inconsistent or varying adjudications with respect to individual members of the

15 Class which would establish incompatible standards of conduct for Defendants, or adjudications

16 with respect to individual members of the Class which would, as a practical matter, be

17 dispositive of the interests of other members not parties to the adjudications or substantially

18 impair or impede their ability to protect their interests.

19

20                        **FACTUAL ALLEGATIONS**

21     25.     DEI was founded in 1982. DEI is the parent company of some of the most

22 respected brands in the consumer electronics industry and has operations in California,

23 Maryland, Canada, Europe and Asia.

24     26.     In recent years DEI's business has steadfastly grown and the Company has

25 introduced several new products to the market with the past months alone including the Viper

26 SmartStart GPS,

27     27.     Defendants are more than of aware of DEI's prospects for future growth, yet

28

1   Defendants still negotiated a Merger Price that grossly undervalues the Company.

2       28.     DEI issued a press release on May 12, 2011 announcing that the companies

3  entered into a merger agreement. The press release stated in pertinent part:

4     DEI Holdings To Be Acquired By Charlesbank Capital Partners

5     Vista, CA – May 12, 2011 – DEI Holdings, Inc. (PinkSheets: DEIX.PK) today
6     announced that it has entered into a definitive merger agreement to be acquired by
     funds affiliated with Charlesbank Capital Partners in an all-cash transaction.
7

8     Under the terms of the merger agreement, holders of the outstanding common
     shares of DEI Holdings will receive approximately $3.79 - $3.81 per share in
9     cash. The price represents a premium of approximately 142% to DEI Holdings"
     closing share price on May 12, 2011. The total enterprise value of the transaction,
10    including debt assumption, is approximately $285 million.

11    The merger agreement was unanimously approved by the full Board of Directors
     of DEI Holdings.
12

13    Troy Templeton, Chairman of the Board, said, "We are pleased to announce this
     agreement as it delivers significant value to our shareholders. In addition, it is a
14    clear endorsement of DEI Holdings and of the hard work and commitment of each
     and every one of our employees. Charlesbank is a well respected private
15    investment firm whose substantial resources and experience will enable the
     company to invest in its future growth. After a thorough assessment, based on
16    independent financial and legal advice, we concluded this transaction will
17    maximize value for the company"s shareholders. We are also pleased to have
     successfully negotiated for a robust „go-shop" provision that allows us to
18    entertain alternative proposals."

19    Michael Choe, a Managing Director of Charlesbank, said: "We are very pleased
20    to participate in the next chapter of the company"s growth. DEI Holdings" strong
     management team and brand equity combined with its proven multichannel
21    strategy position the company extremely well to expand its business, both in the
     U.S. and internationally."
22

23    The transaction will be financed through a combination of equity and debt.
     Charlesbank has secured committed debt financing from General Electric Capital
24    Corporation and OPY Credit Corp., an affiliate of Oppenheimer & Co. Inc.

25    Following completion of the transaction, DEI Holdings will remain headquartered
26    in Vista, CA, and maintain its offices in Maryland and Canada. The company will
     continue to be led by its existing management team, including James E. Minarik,
27    President and Chief Executive Officer, and Kevin P. Duffy, Executive Vice
     President and Chief Financial Officer.

28

1
2
3
4

Funds affiliated with Trivest Partners, which own approximately 9.2 million common shares, representing approximately 36% of total shares outstanding, have agreed to vote those shares for approval of the merger. However, in the event that the merger agreement is terminated, Trivest Partners will be released from this obligation.

5
6
7
8
9
10
11

The agreement permits DEI Holdings to solicit, receive, evaluate, and enter into negotiations with respect to alternative proposals for a 35-day "go-shop" period from the date of the merger agreement. DEI Holdings, with the assistance of an independent financial advisor, will actively solicit alternative proposals during this period. DEI Holdings does not intend to disclose developments with respect to the solicitation process unless and until its Board of Directors has made a decision. The merger agreement provides Charlesbank with a customary right to match a superior proposal. There can be no assurance that this process will result in a superior offer or transaction. If there is no superior offer, the transaction is expected to close in late June 2011, subject to customary approvals and closing conditions. Completion of the transaction also requires approval by a majority of the outstanding DEI Holdings common shares.

12
13
14

Greenberg Traurig, LLP is acting as legal advisor to DEI Holdings in connection with the transaction. Goodwin Procter LLP is acting as legal advisor to Charlesbank.

15
16
17

29.     The Merger Price substantially undervalues DEI and is merely an attempt by Charlesbank to acquire DEI for a bargain price.  DEI investors will not receive proper value for their shares.

18
19
20
21

30.     Additionally, the Merger Agreement has resulted in personal benefits for DEI's top management being secured as a result of the Merger Agreement.  Included among these personal benefits is that Defendant Minarik, currently DEI president and chief operating officer, has obtained a prestigious position in the post-merger company.

22
23
24
25

31.     Moreover, to date, the Individual Defendants have failed to inform the public shareholders of DEI of all material information concerning the Proposed Transaction, including but not limited to:

26
27

(a)     The financial projections of DEI and of a combined company of DEI and Charlesbank and

28

CLASS ACTION COMPLAINT
- 6 -

(b)     A fairness analysis of the terms of the Proposed Transaction as to the DEI public shareholders.

32.     Essentially, defendants have engineered and timed the Proposed Transaction to allow Charlesbank to capture the benefits of DEI's promising future potential without paying adequate or fair consideration to the Company's public shareholders.

33.     The Proposed Transaction is the product of unfair dealing, and the Buyout Price to be paid to Class members is unfair and inadequate because, among other things:

(a)     The Merger Price is significantly below the premiums paid in acquisitions of comparable businesses.

(b)     The intrinsic value of the stock of the Company is materially in excess of the Buyout Price, giving due consideration to the prospects for growth and profitability of the Company in light of its business, earnings and earnings power, present and future.

(c)     Because the Buyout Price is all-cash, DEI's shareholders will lose their ability to take part in the increased value to Charlesbank created by the synergies between the two companies.

34.     The Proposed Transaction is wrongful, unfair and harmful to DEI's stockholders, and represents an effort by Charlesbank to aggrandize its own interests – at the expense, and to the detriment, of Class members.  The Proposed Transaction is an attempt to deny plaintiff and the other members of the Class their right to fully share proportionately in the true value of the Company's valuable assets, future growth in profits, earnings and dividends, while usurping the same for the benefit of Charlesbank on unfair and inadequate terms.

35.     Unless enjoined by this Court, the Individual Defendants will continue to breach their fiduciary duties owed to plaintiff and the Class, and Charlesbank will continue to abet this breach, and may consummate the Proposed Transaction, which will deny the Class its fair share of DEI's valuable assets and business and unfair terms, and/or benefit Charlesbank in the unfair manner complained of herein, to the irreparable harm of the Class.

CLASS ACTION COMPLAINT
- 7 -

36.     Plaintiff and the other members of the Class have no adequate remedy at law.

**FIRST CAUSE OF ACTION**
**(For Breach of Fiduciary Duties Against the Individual Defendants)**

37.     Plaintiff repeats and realleges the allegations as in the paragraphs above, as if fully set forth herein.

38.     The Individual Defendants' fiduciary obligations under these circumstances require them to:

a.     To fully inform themselves of DEI's market value before taking, or agreeing to refrain from taking, action;

b.     Actively evaluate the Proposed Transaction and engage in a meaningful auction with third parties in an attempt to obtain the best value for DEI's public shareholders;

c.     Disclose all material facts necessary to permit the Company's public shareholders to make an informed decision as to whether they should vote their shares in favor of the Proposed Transaction; and

d.     To act in accordance with their fundamental duties of due care and loyalty.

39.     By reason of the foregoing, the Individual Defendants, as directors of the Company, violated fiduciary duties to Plaintiff and the other Class members by agreeing to the Proposed Transaction.

40.     The Proposed Transaction represents grossly inadequate consideration for DEI shareholders.

41.     Defendants further breached their fiduciary duties by, *inter alia*, putting their interests ahead of the interests of the Company and its shareholders.

42.     Defendants have also provided insufficient information to Plaintiff and the Class regarding the Proposed Transaction.   Without material and accurate information, DEI's shareholders cannot make an informed judgment regarding the vote on the Buyout Transaction.

43.     Plaintiff and the Class have been and will be damaged in that they are not and will

CLASS ACTION COMPLAINT
- 8 -

1    not receive full and fair information to allow them to make an informed decision as to whether or

2    not to vote in favor of the transaction and will be required to exchange their DEI shares for

3    inadequate consideration based on the material false and misleading statements and omissions.

4         44.   Plaintiff and the other Class members are immediately threatened by the acts and

5    transactions complained of herein and will suffer irreparable harm unless defendants are enjoined

6    from breaching their fiduciary duties as set forth herein.

7         45.   Plaintiff and the members of the Class have no adequate remedy at law.  Only

8    through the exercise of this Court's equitable powers can Plaintiff and the Class be fully

9    protected from the immediate and irreparable injury which Defendants' actions threaten to inflict.

10    **SECOND CAUSE OF ACTION**

11    **(Aiding and Abetting Breaches of Fiduciary Duties**
     **Against DEI and Charlesbank)**
12

13         46.   Plaintiff repeats and realleges the allegations as in the paragraphs above, as if fully

14    set forth herein.

15         47.   Defendants DEI and Charlesbank aided and abetted the Individual Defendants in

16    breaching their fiduciary duties owed to the public shareholders of DEI, including Plaintiff and

17    the members of the Class.

18         48.   The Individual Defendants owed to Plaintiff and the members of the Class certain

19    fiduciary duties as more fully set out in Count I above.

20         49.   By committing the acts alleged herein, the Individual Defendants breached their

21    fiduciary duties owed to Plaintiff and the members of the Class.

22         50.   Defendants DEI and Charlesbank colluded in or aided and abetted the Individual

23    Defendants' breaches of fiduciary duties, and were active and knowing participants in the

24    Individual Defendants' breaches of fiduciary duties owed to Plaintiff and the members of the

25    Class.

26         51.   Plaintiff and the members of the Class will be irreparably injured as a direct and

27    proximate result of the aforementioned acts and have no adequate remedy at law.

28

CLASS ACTION COMPLAINT
- 9 -

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

(1)    an Order certifying this action as a class action and designating plaintiff as Class representative and the undersigned counsel as class counsel;

(2)    enjoining preliminarily and permanently, the Proposed Transaction complained of herein;

(3)    declaring that the Proposed Transaction is in breach of defendants' fiduciary duties;

(4)    requiring the Individual Defendants to fulfill their fiduciary duties of loyalty, care, and candor, as alleged herein;

(5)    rescinding, to the extent implemented prior to the entry of this Court's final judgment the Proposed Transaction complained of, or granting the Class rescissory damages;

(6)    directing that Defendants account to plaintiff and the other members of the Class for all damages caused to them and account for all profits and any special benefits obtained as a result of their unlawful conduct;

(7)    awarding plaintiff and the Class appropriate compensatory damages;

(8)    awarding plaintiff the costs, expenses and disbursements of this action, including any reasonable attorneys' and experts' fees and expenses; and, if applicable, pre- and post-judgment interest; and

(9)    awarding plaintiff and the Class any other compensatory, equitable and declaratory relief as this Court deems just, equitable and proper.

1

**JURY DEMAND**

2      Plaintiff hereby demands a trial by jury.

3  DATED: May 17, 2011                **GLANCY BINKOW & GOLDBERG LLP**

4

5                                     By: _____
                                      Lionel Z. Glancy
6                                     Michael Goldberg
                                      Louis Boyarsky
7                                     1801 Avenue of the Stars, Suite 311
                                      Los Angeles, California 90067
8                                     Telephone: (310) 201-9150
                                      Facsimile: (310) 201-9160
9
                                      **LAW OFFICES OF HOWARD SMITH**
10                                    Howard G. Smith
                                      3070 Bristol Pike, Suite 112
11                                    Bensalem, PA 19020
                                      Telephone: (215) 638-4847
12                                    Facsimile: (215) 638-4867

13                                    *Attorneys for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:     325 S. Melrose

MAILING ADDRESS:     325 S. Melrose

CITY AND ZIP CODE:     Vista, CA 92081

BRANCH NAME:     North County

TELEPHONE NUMBER:     (760) 201-8027

---

PLAINTIFF(S) / PETITIONER(S):     Sean Dyer

DEFENDANT(S) / RESPONDENT(S):     DEI Holdings Inc et.al.

DYER VS. DEI HOLDINGS INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: |
|---|---|
| | 37-2011-00054524-CU-SL-NC |

Judge:   Jacqueline M. Stern                Department: N-27

**COMPLAINT/PETITION FILED: 05/18/2011**

## CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE: A Case Management Conference will be set within 150 days of filing the complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION. IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)

**FILED**

11 MAY 18 *SUM-100*

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY<br>
(SOLO PARA USO DE LA CORTE)

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY. CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DEI Holdings, Inc., James E. Minarik, Jon E. Elias, Troy D. Templeton, Andrew D. Robertson, and Adam L. Gray AND VICTOR J. ORLEK

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SEAN DYER, Individually and On Behalf of All Others Similarly Situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Diego Superior Court<br>North County Regional Center - 325 South Melrose<br>Vista, CA 92081 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2011-00054524-CU-SL-NC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Louis N. Boyarsky, 1801 Avenue of the Stars, Suite 311, Los Angeles, CA 90067, Tel. (310) 201-9150

| DATE:<br>*(Fecha)* MAY 1 8 2011 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* T. Moore |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Louis N. Boyarsky (SBN 263379)<br>GLANCY BINKOW & GOLDBERG LLP<br>1801 Avenue of the Stars, Suite 311, Los Angeles, CA 90067 | FILED<br><br>11 MAY 18 PM 12: 32<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

TELEPHONE NO.: **(310) 201-9150**   FAX NO.: **(310) 201-9160**
ATTORNEY FOR *(Name):* **Plaintiff Sean Dyer**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Diego**
  STREET ADDRESS: **325 South Melrose**
  MAILING ADDRESS: **325 South Melrose**
  CITY AND ZIP CODE: **Vista, 92081**
  BRANCH NAME: **North County Regional Center**

CASE NAME:
**Dyer v. DEI Holdings, Inc., et al.**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **37-2011-00054524-CU-SL-NC** |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [✓] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
  b. [✓] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
  c. [✓] Substantial amount of documentary evidence   f. [✓] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
**4.** Number of causes of action *(specify):* 2 - Breach of Fiduciary Duties and Aiding & Abetting
**5.** This case [✓] is   [ ] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 17, 2011
Louis N. Boyarsky                                    ▶ _(signature)_
_____                    _____
(TYPE OR PRINT NAME)                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov