LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
LOUIS BOYARSKY (#263379)
GLANCY BINKOW GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
info@glancylaw.com

*Attorneys for Plaintiff Sean Dyer*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN DYER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DEI HOLDINGS, INC., JAMES E. MINARIK, JON E. ELIAS, TROY D. TEMPLETON, VICTOR J. ORLER, ANDREW D. ROBERTSON, ADAM L. GRAY, AND CHARLESBANK CAPITAL PARTNERS, LLC,<br><br>Defendants. | Case No. 3:11-cv-01296-L-NLS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Removed from State Court: 6/13/11<br><br>The Honorable M. James Lorenz |

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, Sean Dyer, individually and on behalf of all others similarly situated, by his attorneys, including their review of various publicly filed statements by defendants, filings by defendants, analyst reports, and news articles, alleges the following on information and belief, except as to allegations specifically pertaining to plaintiff and his counsel, which are alleged on personal knowledge.

**SUMMARY OF COMPLAINT**

1. This is a shareholder class action brought under the laws of the State of Florida by Plaintiff on behalf of shareholders of DEI Holdings, Inc. ("DEI" or the "Company") stock against DEI and its Board of Directors (the "Board"); and (collectively "Defendants"), arising out of their breaches of fiduciary duty and/or aiding and abetting such breaches of fiduciary duty in connection with the proposed sale of the Company to Charlesbank Capital Partners ("Charlesbank") where DEI shareholders will receive approximately $3.79-$3.81 per share ("Merger Price") in cash. In reality, however, if the deal is consummated under the present terms DEI shareholders will be receiving no premium for their shares and Charlesbank will be purchasing the company at a discount given that DEI's shares have traded significantly higher than the current offer price over the past year.  The Merger Price is the result of a flawed process stemming from the Board's failure to maximize shareholder value and deprives DEI public shareholders of the ability to participate in the Company's favorable long-term prospects.

2. The officers and directors of DEI have decided to pursue their own interests, instead of maximizing value for all DEI shareholders.   For example, President and Chief Executive Officers James E. Minarik has secured a prestigious position in the post-merger company.

3. Additionally Defendants have entered into numerous agreements to deter additional offers for the Company.  DEI has secured voting agreements with one of the Company's largest shareholders, Trivest Partners which owns 36% of the Company, that are at odds with the interests of the rest of the Company's public shareholders.   These voting agreements virtually ensure that the Proposed Transaction will consummate without judicial

FIRST AMENDED CLASS ACTION COMPLAINT
- 1 -

intervention.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Defendants because they conduct business in California, including, but not limited to, the conduct here at issue, the attempted buyout of DEI, which is headquartered in Vista, California, or because they have sufficient minimum contacts with California to render the exercise of jurisdiction by the California courts permissible under traditional notions of fair play and substantial justice. This action is not removable because Plaintiff's claims are expressly exempted from the preemption and removal provisions of the Securities Litigation Uniform Standards Act of 1988 (SLUSA) under 15 U.S.C. § 77(p)(d)(1) because they are based upon the statutory and common law of the State in which DEI Holdings, Inc is incorporated.

5. Venue is proper in this Court because the conduct at issue took place and has effect in this County. DEI's headquarters and principal place of business is in this County at One Viper Way Vista, CA 92081-7853.

## PARTIES

6. Plaintiff has been the owner of 40,000 shares of DEI stock since prior to the announcement of the Proposed Transaction.

7. DEI, a Florida corporation, is one of the largest designers and marketers in North America of premium home theater loudspeakers, consumer branded vehicle security, and remote start systems. DEI is also one of the largest suppliers of aftermarket satellite radio receivers. The Company is headquartered in Vista California.

8. Charlesbank Capital Partners is a Boston-based middle market private equity firm with more than $2 Billion in invested assets.

9. Defendant James E. Minarik ("Minarik"), is, and at all relevant times has been, a member of the Board.

10. Defendant Jon E. Elias ("Elias"), is, and at all relevant times has been, a member of the Board.

FIRST AMENDED CLASS ACTION COMPLAINT
- 2 -

11. Defendant Troy D. Templeton ("Templeton"), is, and at all relevant times has been, a member of the Board.

12. Defendant Victor J. Orler ("Orler"), is, and at all relevant times has been, a member of the Board.

13. Defendant Adam L. Gray ("Gray"), is, and at all relevant times has been, a member of the Board.

14. Defendant Andrew D. Robertson ("Robertson"), is, and at all relevant times has been, a member of the Board.

15. Defendants in ¶¶7-12 are referred to herein as the "Individual Defendants."

16. The Individual Defendants, as officers and/or directors, owed DEI and its shareholders fiduciary obligations of good faith, loyalty, and candor, and were required to use their utmost ability to control and manage DEI in a fair, just, honest, and equitable manner.

17. By virtue of their fiduciary positions, the Individual Defendants were, and are, required *inter alia*, to (a) act in furtherance of the best interests of DEI's shareholders; (b) maximize shareholder value in a sale of the Company; (c) heed the expressed views of its shareholders; and (d) refrain from abusing their positions of control.

**CLASS ACTION ALLEGATIONS**

18. Plaintiff brings this action as a class action, pursuant to California Code of Civil Procedure Section 382 on behalf of all shareholders of the Company (except the Defendants herein and any person, firm, trust, corporation, or other entity related to, or affiliated with, any of the Defendants) and their successors in interest, who are or will be threatened with injury arising from Defendants' actions as more fully described herein (the "Class").

19. This action is properly maintainable as a class action.

20. The Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that the common stock of the Company is owned by hundreds, if not thousands, of holders other than defendants.

FIRST AMENDED CLASS ACTION COMPLAINT
- 3 -

21.     There are questions of law and fact which are common to the Class including, inter alia, the following:  (a) whether the Individual Defendants have breached their fiduciary and other common law duties owed by them to plaintiff and the other members of the Class; (b) whether the Individual Defendants are pursuing a scheme and course of business in order to enrich certain of the Individual Defendants and Charlesbank and its shareholders at the expense and to the detriment of plaintiff and the other public stockholders who are members of the Class in violation of the Board's fiduciary duties; and (c) whether the Class is entitled to injunctive relief and/or damages as a result of the Individual Defendants' and Charlesbank's wrongful conduct.

22.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  The claims of Plaintiff are typical of the claims of other members of the Class and Plaintiff has the same interests as the other members of the Class.  Plaintiff will fairly and adequately represent the Class.

23.     Defendants have acted in a manner which affect Plaintiff and all members of the Class alike, thereby making appropriate injunctive relief and/or corresponding declaratory relief with respect to the Class as a whole.

24.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants, or adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

**FACTUAL ALLEGATIONS**

25.     DEI was founded in 1982.  DEI is the parent company of some of the most respected brands in the consumer electronics industry and has operations in California, Maryland, Canada, Europe and Asia.

FIRST AMENDED CLASS ACTION COMPLAINT
- 4 -

26. In recent years DEI's business has steadfastly grown and the Company has introduced several new products to the market with the past months alone including the Viper SmartStart GPS,

27. Defendants are more than of aware of DEI's prospects for future growth, yet Defendants still negotiated a Merger Price that grossly undervalues the Company.

28. DEI issued a press release on May 12, 2011 announcing that the companies entered into a merger agreement. The press release stated in pertinent part:

> DEI Holdings To Be Acquired By Charlesbank Capital Partners
>
> Vista, CA – May 12, 2011 – DEI Holdings, Inc. (PinkSheets: DEIX.PK) today announced that it has entered into a definitive merger agreement to be acquired by funds affiliated with Charlesbank Capital Partners in an all-cash transaction.
>
> Under the terms of the merger agreement, holders of the outstanding common shares of DEI Holdings will receive approximately $3.79 - $3.81 per share in cash. The price represents a premium of approximately 142% to DEI Holdings" closing share price on May 12, 2011. The total enterprise value of the transaction, including debt assumption, is approximately $285 million.
>
> The merger agreement was unanimously approved by the full Board of Directors of DEI Holdings.
>
> Troy Templeton, Chairman of the Board, said, "We are pleased to announce this agreement as it delivers significant value to our shareholders. In addition, it is a clear endorsement of DEI Holdings and of the hard work and commitment of each and every one of our employees. Charlesbank is a well respected private investment firm whose substantial resources and experience will enable the company to invest in its future growth. After a thorough assessment, based on independent financial and legal advice, we concluded this transaction will maximize value for the company"s shareholders. We are also pleased to have successfully negotiated for a robust „go-shop" provision that allows us to entertain alternative proposals."
>
> Michael Choe, a Managing Director of Charlesbank, said: "We are very pleased to participate in the next chapter of the company"s growth. DEI Holdings" strong management team and brand equity combined with its proven multichannel strategy position the company extremely well to expand its business, both in the U.S. and internationally."
>
> The transaction will be financed through a combination of equity and debt. Charlesbank has secured committed debt financing from General Electric Capital

FIRST AMENDED CLASS ACTION COMPLAINT
- 5 -

> Corporation and OPY Credit Corp., an affiliate of Oppenheimer & Co. Inc.
>
> Following completion of the transaction, DEI Holdings will remain headquartered in Vista, CA, and maintain its offices in Maryland and Canada. The company will continue to be led by its existing management team, including James E. Minarik, President and Chief Executive Officer, and Kevin P. Duffy, Executive Vice President and Chief Financial Officer.
>
> Funds affiliated with Trivest Partners, which own approximately 9.2 million common shares, representing approximately 36% of total shares outstanding, have agreed to vote those shares for approval of the merger. However, in the event that the merger agreement is terminated, Trivest Partners will be released from this obligation.
>
> The agreement permits DEI Holdings to solicit, receive, evaluate, and enter into negotiations with respect to alternative proposals for a 35-day "go-shop" period from the date of the merger agreement. DEI Holdings, with the assistance of an independent financial advisor, will actively solicit alternative proposals during this period. DEI Holdings does not intend to disclose developments with respect to the solicitation process unless and until its Board of Directors has made a decision. The merger agreement provides Charlesbank with a customary right to match a superior proposal. There can be no assurance that this process will result in a superior offer or transaction. If there is no superior offer, the transaction is expected to close in late June 2011, subject to customary approvals and closing conditions. Completion of the transaction also requires approval by a majority of the outstanding DEI Holdings common shares.
>
> Greenberg Traurig, LLP is acting as legal advisor to DEI Holdings in connection with the transaction. Goodwin Procter LLP is acting as legal advisor to Charlesbank.

29. The Merger Price substantially undervalues DEI and is merely an attempt by Charlesbank to acquire DEI for a bargain price. DEI investors will not receive proper value for their shares.

30. Additionally, the Merger Agreement has resulted in personal benefits for DEI's top management being secured as a result of the Merger Agreement. Included among these personal benefits is that Defendant Minarik, currently DEI president and chief operating officer, has obtained a prestigious position in the post-merger company.

31. Moreover, to date, the Individual Defendants have failed to inform the public shareholders of DEI of all material information concerning the Proposed Transaction, including

FIRST AMENDED CLASS ACTION COMPLAINT
- 6 -

but not limited to:

(a) The financial projections of DEI and of a combined company of DEI and Charlesbank and

(b) A fairness analysis of the terms of the Proposed Transaction as to the DEI public shareholders.

32. Essentially, defendants have engineered and timed the Proposed Transaction to allow Charlesbank to capture the benefits of DEI's promising future potential without paying adequate or fair consideration to the Company's public shareholders.

33. The Proposed Transaction is the product of unfair dealing, and the Buyout Price to be paid to Class members is unfair and inadequate because, among other things:

(a) The Merger Price is significantly below the premiums paid in acquisitions of comparable businesses.

(b) The intrinsic value of the stock of the Company is materially in excess of the Buyout Price, giving due consideration to the prospects for growth and profitability of the Company in light of its business, earnings and earnings power, present and future.

(c) Because the Buyout Price is all-cash, DEI's shareholders will lose their ability to take part in the increased value to Charlesbank created by the synergies between the two companies.

34. The Proposed Transaction is wrongful, unfair and harmful to DEI's stockholders, and represents an effort by Charlesbank to aggrandize its own interests – at the expense, and to the detriment, of Class members. The Proposed Transaction is an attempt to deny plaintiff and the other members of the Class their right to fully share proportionately in the true value of the Company's valuable assets, future growth in profits, earnings and dividends, while usurping the same for the benefit of Charlesbank on unfair and inadequate terms.

35. Unless enjoined by this Court, the Individual Defendants will continue to breach their fiduciary duties owed to plaintiff and the Class, and Charlesbank will continue to abet this breach, and may consummate the Proposed Transaction, which will deny the Class its fair share of DEI's valuable assets and business and unfair terms, and/or benefit Charlesbank in the unfair manner complained of herein, to the irreparable harm of the Class.

36. Plaintiff and the other members of the Class have no adequate remedy at law.

**FIRST CAUSE OF ACTION**
**(For Breach of Fiduciary Duties Against the Individual Defendants)**

37. Plaintiff repeats and realleges the allegations as in the paragraphs above, as if fully set forth herein.

38. The Individual Defendants' fiduciary obligations under these circumstances require them to:

    a. To fully inform themselves of DEI's market value before taking, or agreeing to refrain from taking, action;

    b. Actively evaluate the Proposed Transaction and engage in a meaningful auction with third parties in an attempt to obtain the best value for DEI's public shareholders;

    c. Disclose all material facts necessary to permit the Company's public shareholders to make an informed decision as to whether they should vote their shares in favor of the Proposed Transaction; and

    d. To act in accordance with their fundamental duties of due care and loyalty.

39. By reason of the foregoing, the Individual Defendants, as directors of the Company, violated fiduciary duties to Plaintiff and the other Class members by agreeing to the Proposed Transaction.

40. The Proposed Transaction represents grossly inadequate consideration for DEI shareholders.

41. Defendants further breached their fiduciary duties by, *inter alia*, putting their

FIRST AMENDED CLASS ACTION COMPLAINT
- 8 -

1 interests ahead of the interests of the Company and its shareholders.

2     42.   Defendants have also provided insufficient information to Plaintiff and the Class
3 regarding the Proposed Transaction. Without material and accurate information, DEI's
4 shareholders cannot make an informed judgment regarding the vote on the Buyout Transaction.

5     43.   Plaintiff and the Class have been and will be damaged in that they are not and will
6 not receive full and fair information to allow them to make an informed decision as to whether or
7 not to vote in favor of the transaction and will be required to exchange their DEI shares for
8 inadequate consideration based on the material false and misleading statements and omissions.

9     44.   Plaintiff and the other Class members are immediately threatened by the acts and
10 transactions complained of herein and will suffer irreparable harm unless defendants are enjoined
11 from breaching their fiduciary duties as set forth herein.

12     45.   Plaintiff and the members of the Class have no adequate remedy at law. Only
13 through the exercise of this Court's equitable powers can Plaintiff and the Class be fully
14 protected from the immediate and irreparable injury which Defendants' actions threaten to inflict.

15 <center>**SECOND CAUSE OF ACTION**</center>

16 <center>**(Aiding and Abetting Breaches of Fiduciary Duties
Against DEI and Charlesbank)**</center>
17

18     46.   Plaintiff repeats and realleges the allegations as in the paragraphs above, as if fully
19 set forth herein.

20     47.   Defendants DEI and Charlesbank aided and abetted the Individual Defendants in
21 breaching their fiduciary duties owed to the public shareholders of DEI, including Plaintiff and
22 the members of the Class.

23     48.   The Individual Defendants owed to Plaintiff and the members of the Class certain
24 fiduciary duties as more fully set out in Count I above.

25     49.   By committing the acts alleged herein, the Individual Defendants breached their
26 fiduciary duties owed to Plaintiff and the members of the Class.

27     50.   Defendants DEI and Charlesbank colluded in or aided and abetted the Individual

28

<center>FIRST AMENDED CLASS ACTION COMPLAINT
- 9 -</center>

1  Defendants' breaches of fiduciary duties, and were active and knowing participants in the
2  Individual Defendants' breaches of fiduciary duties owed to Plaintiff and the members of the
3  Class.

4      51.    Plaintiff and the members of the Class will be irreparably injured as a direct and
5  proximate result of the aforementioned acts and have no adequate remedy at law.

6  **PRAYER FOR RELIEF**

7  WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as
8  follows:

9      (1)    an Order certifying this action as a class action and designating plaintiff as Class
10 representative and the undersigned counsel as class counsel;

11     (2)    enjoining preliminarily and permanently, the Proposed Transaction complained of
12 herein;

13     (3)    declaring that the Proposed Transaction is in breach of defendants' fiduciary
14 duties;

15     (4)    requiring the Individual Defendants to fulfill their fiduciary duties of loyalty, care,
16 and candor, as alleged herein;

17     (5)    rescinding, to the extent implemented prior to the entry of this Court's final
18 judgment the Proposed Transaction complained of, or granting the Class rescissory damages;

19     (6)    directing that Defendants account to plaintiff and the other members of the Class
20 for all damages caused to them and account for all profits and any special benefits obtained as a
21 result of their unlawful conduct;

22     (7)    awarding plaintiff and the Class appropriate compensatory damages;

23     (8)    awarding plaintiff the costs, expenses and disbursements of this action, including
24 any reasonable attorneys' and experts' fees and expenses; and, if applicable, pre- and post-
25 judgment interest; and

26     (9)    awarding plaintiff and the Class any other compensatory, equitable and
27 declaratory relief as this Court deems just, equitable and proper.

28

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED: November 9, 2011

**GLANCY BINKOW & GOLDBERG LLP**

By: *s/ Lionel Z. Glancy*
Lionel Z. Glancy
Michael Goldberg
Louis Boyarsky
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**LAW OFFICES OF HOWARD SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Attorneys for Plaintiff*

**PROOF OF SERVICE BY ELECTRONIC POSTING
AND BY MAIL ON ALL KNOWN NON-REGISTERED PARTIES**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On November 9, 2011, I caused to be served the following document on each ECF-registered party listed on the attached service list in the Action by posting such document electronically to the ECF website of the United States District Court for the Southern District of California:

**FIRST AMENDED CLASS ACTION COMPLAINT**

and upon all others not so-registered:

See Attached Service list.

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 9, 2011, at Los Angeles, California.

*s/Lionel Z. Glancy*
Lionel Z. Glancy

## Mailing Information for a Case 3:11-cv-01296-L -NLS

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kimberly Arouh**
  kimberly.arouh@lw.com,nishant.kumar@lw.com,denise.howell@lw.com,Daniel.bell@lw.com,john.hellmann@lw.com,derrick.farrell@lw.com,kelli.moro@lw.com

- **Lionel Z Glancy**
  lglancy@glancylaw.com,lboyarsky@glancylaw.com,info@glancylaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

**SERVICE LIST VIA MAIL**

CharlesBank Capital Partners, LLC
200 Clarendon Street
54th Floor
Boston, MA 02116

*For CharlesBank Capital Partners, LLC*

DEI Holdings, Inc.
1 Viper Way
Vista, CA 92081

*For James E. Minarik,
Jon E. Elias, Troy D. Templeton,
Victor J. Orler, Andrew D.
Robertson & Adam L. Gray*